IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL TYRONE JORDAN,

Petitioner,

v.  Civil Action No. 3:10CV274

GENE M. JOHNSON,

Respondent.

## MEMORANDUM OPINION

Michael Tyrone Jordan, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. Jordan responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Jordan pleaded not guilty and was convicted during a bench trial in the Circuit Court for the City of Portsmouth ("Circuit Court") of attempted robbery, possession of cocaine, possession of heroin, and possession of a firearm while in possession of those drugs. The Circuit Court sentenced Jordan to nine years in prison, four of which were to be served concurrently with the other five. (Mot. Dismiss Ex. 1.) Jordan subsequently appealed his convictions. On March 21, 2008, the Supreme Court of Virginia reversed the convictions for attempted robbery and possession of heroin. *Jordan v. Commonwealth*, No. 071559 (Va. Mar. 21, 2008); (Mot. Dismiss Ex. 3).

Jordan then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on December 18, 2008.[1] (Mot. Dismiss Ex. 4.) In that petition, Jordan raised a claim of ineffective assistance of counsel because his trial and appellate attorneys "failed to seek dismissal of the charges, under the Fourth Amendment, on the ground that [the police] lacked the requisite probable cause for a warrantless search of [Jordan's] person and vehicle." (Mot. Dismiss Ex. 4, at 9.) The Supreme Court of Virginia dismissed Jordan's petition for a writ of habeas corpus on June 9, 2009 on the grounds that the claim satisfied neither of *Strickland*'s two prongs. *Jordan v. Director*, No. 082482 (Va. June 9, 2009); (Mot. Dismiss Ex. 4).

---

[1] This is the date that the Supreme Court of Virginia stamped Jordan's petition "received" and the date the Supreme Court of Virginia deemed the petition filed. (Mot. Dismiss Ex. 4); *Jordan v. Director*, No. 082482, at 1 (Va. June 9, 2009). Jordan did not seek to avail himself of Virginia Supreme Court Rule 3A:25, which provides that:

> In actions brought under Code § 8.01-654 [the Virginia habeas provision], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

The envelope in which Jordan mailed his state petition (and presumably on which the postmark existed) was not included in the records transmitted from the Supreme Court of Virginia to this Court. No other provision of Virginia Supreme Court Rule 3A:25 applies.

Jordan now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on March 15, 2010.[2] In his petition, Jordan raises four grounds for relief.[3] (2254 Pet. 5–10.) The Respondent has raised the relevant statute of limitations as a defense.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Jordan's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2] March 15, 2010 is the date that Jordan swears he mailed his § 2255 petition to this Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). It was postmarked on April 19, 2010.

[3] Specifically, 1) Jordan asserts that he received ineffective assistance of counsel at trial and on appeal because his attorneys failed to seek dismissal of all charges "under effective assistance denial"; 2) Jordan claims the police lacked probable cause to arrest him without a warrant; 3) Jordan claims he "was put on general detention on 6-15-09 and legal work was taken in which his time elapsed. [Jordan] filed for a extension of time to the Supreme Court of Virginia, in which the Supreme Court of Virginia told [Jordan] he had to appeal it to the U.S. Supreme Court in Washington D.C."; and 4) Jordan claims he was "not given the right to file petition for extension of time. Due to being placed on administrational detention by Virginia Department of Corrections, all legal documentation was taken, for this reason [Jordan] could not litigate his case because the time elapsed." (2254 Pet. 5–10 (all errors in the original) (capitalization corrected).)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ninety days after Jordan's direct appeal to the Supreme Court of Virginia ended, his conviction became final for purposes of AEDPA. His direct appeal to the Supreme Court of Virginia ended on March 21, 2008, the day the Supreme Court of Virginia ruled on his appeal. Thus, Jordan's conviction became final ninety days later—on Thursday, June 19, 2008—the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

Jordan had one year, or until Friday, June 19, 2009, to file any federal habeas challenge to his conviction or sentence, unless this period was statutorily tolled. 28 U.S.C. § 2244(d)(1)(A).

**B. Statutory Tolling**

The statute of limitations ran for 181 days before Jordan filed his state habeas petition in the Supreme Court of Virginia on December 18, 2008. The statute of limitations tolled from December 18, 2008 until June 9, 2009, the period during which Jordan's state habeas petition was pending. 28 U.S.C. § 2244(d)(2). The statute of limitations resumed running on June 9, 2009, the day the Supreme Court of Virginia denied his petition for a writ of habeas corpus. The statute of limitations then ran for 278 days before Jordan filed his federal petition for a writ of habeas corpus in this Court on March 15, 2010. Thus, Jordan's statute of limitations ran for a total of 459 days before he filed his petition for a writ of habeas corpus in the federal District Court. This exceeds AEDPA's one year statute of limitations. Thus, Jordan's § 2254 petition is time-barred.

**C. Equitable Tolling**

Construing Jordan's pleadings liberally, Jordan raises one ground for equitable tolling of the limitation period.[4] See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (holding that 28 U.S.C. § 2254(d) is subject to equitable tolling). He claims that his motion for an extension of

---

[4] In his response to Respondent's Motion to Dismiss, Jordan merely counters the statute of limitations defense as follows:

> Respondent's Motion to Dismiss argues that this Petitioner is time-barred - the Respondents state that I do not allege any state impediments or constitutional rights or newly discovered evidence which shows due diligence on my part - Respondent's Motion to Dismiss is in error and should be denied.

(Pet'r's Mot. Opp'n Resp't's Mot. Dismiss 6 (capitalization corrected).)

5

time to appeal the denial of his state habeas petition was untimely because he was placed in "administrational detention" or "general detention" six days after the Supreme Court of Virginia denied his state habeas petition, beginning June 15, 2009. (2254 Pet. 10, Ex. 3.) He does not state how long he was in such detention, or what the conditions of such detention were. According to Jordan, he did not have access to his legal papers for at least the first nine days in general detention.[5] (2254 Pet. Ex. 3.)

"[E]quitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id.* (*quoting Rouse*, 339 F.3d at 246). Additionally, a petitioner bears the burden of demonstrating that he acted with due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"A prisoner's confinement in administrative segregation may qualify as an extraordinary circumstance beyond his control, but equitable tolling is justified only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his

---

[5] Jordan submitted one Request Form dated June 24, 2009, in which he requested that prison staff transfer his personal property, including legal mail, to him while he was in general detention. (2254 Pet. Ex. 3.) The reply from prison staff stated that he had written to the wrong department, and that he should instead write to the building supervisor of the building Jordan was "locked up from." (2254 Pet. Ex. 3.)

confinement prevented him from filing on tine." *Green v. Kansas*, 190 F. App'x 682, 684–85 (10th Cir. 2006) (internal citation omitted). "'[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (*quoting Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).

Jordan submits five letters from the Supreme Court of Virginia, the Fourth Circuit, and the Supreme Court of the United States responding to Jordan's various correspondence, with dates ranging from September 22, 2009 to December 1, 2009. (2254 Pet. Ex. 3.) It is evident that whatever the conditions of Jordan's detention, they did not prevent Jordan's ability to communicate with this Court. Thus, Jordan's confinement does not amount to an extraordinary circumstance that prohibited his filing despite his due diligence. Accordingly, Jordan's claim for equitable tolling is without merit.

Because Jordan has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), the petition must be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 9) will be granted. Petitioner's petition for relief under 28 U.S.C. § 2254 will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Jordan is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: DEC 2 8 2010
Richmond, Virginia